■ NICK GUTTMAN, INC., Respondent, v WILLIAM E. VINES et al., Constituting the Town Board of the Town of Clarkstown, et al., Appellants. —In a proceeding pursuant to CPLR article 78, *inter alia,* to (1) compel the Town of Clarkstown to return to petitioner the property seized by it and (2) vacate and set aside the town's recordation of a certain deed to petitioner's property, the appeal is from a judgment of the Supreme Court, Rockland County, dated May 2, 1977, which, after a hearing, granted the relief requested. Judgment affirmed, without costs or disbursements. Prior to March 17, 1972 petitioner operated and maintained a sewage treatment plant in New City, New York. On September 1, 1967 petitioner entered into an agreement with the appellant Town of Clarkstown regarding the provision of sewerage service. The agreement provided that petitioner would

service the recently constructed Jawonio School in New City until such time as the County of Rockland had installed its own facilities. It also provided that petitioner would continue to own, operate and maintain its sewage disposal facilities until such time as the Rockland County Sewer Trunk Line (the county line) became available to service the effluent theretofore being serviced by petitioner. When the county line became available, petitioner was to tie into it within a reasonable period of time, after which it was to dismantle and remove its plant. As part of the security for the performance of the agreement, petitioner delivered a deed to its premises to the Town of Clarkstown, which deed was to be held in escrow by the town under conditions set forth therein. The relevant condition provided: "(b) * * * if GUTTMAN shall fail to operate and maintain its present facilities to provide adequate service for such persons or the Jawonio School who pay the agreed charges therefor, CLARKSTOWN, after 20 days' notice to correct the default and GUTTMAN's failure to do so, may record said deed." In early February, 1972 the Rockland County Department of Health apparently became dissatisfied with the condition of petitioner's plant. Several inspections resulted in letters to petitioner informing it of the unsatisfactory conditions and directing it to upgrade the plant. The most serious problem was apparently that inadequately treated sewage was being discharged from the plant, which sewage would eventually enter the local water supply. After the third inspection indicated that this condition had not been rectified, the Department of Health, on February 23, 1972, wrote to appellant Vines, the town supervisor, recommending that the town take whatever steps it deemed necessary to correct this condition. The next day, February 24, 1972, petitioner was notified that the town board had adopted a resolution authorizing the town supervisor to give the required 20 days' notice to correct the default concerning the plant in accordance with the agreement. The deed was recorded by the town on March 17, 1972. the town then barred petitioner from the premises and operated and maintained the plant itself, eventually correcting the problem of the discharge of inadequately treated sewage. The ensuing article 78 proceeding resulted in a judgment in favor of petitioner. We affirm. The gravamen of this proceeding is that the town improperly recorded the deed because the petitioner did not breach its obligation to provide adequate service. We agree with the appellants that: (1) the proper collection, treatment and disposal of sewage are integral components of providing adequate sewerage service; and (2) the petitioner's facilities were in need of repair and improved maintenance. However, we must conclude that from any reasonable perspective, the petitioner continued to provide adequate sewerage service. The bare evidence of sewage overflow and inadequate filtering was insufficient to prove any significant breach in the petitioner's performance of the agreement. There was no showing of any actual or imminent health danger which would result from the deteriorated condition of the petitioner's facilities. It is evident that repair of the facilities could not be made until there was warmer weather which would dry the clogged sand filters. The town, after taking over the property, was forced, as the petitioner had been, to wait for warmer weather. The speculative testimony that the overflow could contaminate the town's water supply does not satisfy the necessity of showing that there was a real danger, or that the facilities, even in their deteriorated condition, could not continue to serve the town's needs for several more months in full performance of the agreement. Absent such a showing, it was improper to hold the petitioner in breach of its obligation to provide sewer service and, therefore, the town's enforcement of the contract clause allowing the

recordation of the deed was improper. Martuscello, J. P., Suozzi, Rabin and Hawkins, JJ., concur.